IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ty A. Lavenia,                                                   3:21cv674

       Plaintiff,

       v.                                                      **ORDER**

Commissioner of Social Security,

       Defendant.

      This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge Jonathan D. Greenberg has issued a Report and Recommendation, recommending that I deny the claimant's complaint. (Doc. 19). Plaintiff, Ty A. Lavenia, has filed objections, (Doc. 20), and the Commissioner has filed a response, (Doc. 21).

      For the following reasons, I overrule Lavenia's objections, and I approve and adopt Magistrate Judge Greenberg's Report and Recommendation.

## Discussion

      Lavenia's primary objection to the ALJ's decision is his contention that the ALJ improperly considered his morbid obesity. He contends his failure to follow his doctor's repeated directions to participate in physical therapy for his back impairment, to change his diet, and to obtain a consultation for bariatric surgery should not be considered noncompliance because he has been diagnosed with an eating disorder. He also argues the ALJ improperly evaluated his primary-care physician's opinion. Neither argument provides a basis for the remand he seeks.

1.  Noncompliance

Lavenia suffers from depression and an eating disorder. He claims that his mental health impairments provide good reason for his noncompliance with his doctors' repeated directions to diet, participate in physical therapy, and consult a bariatric surgeon.

Social Security regulation 20 C.F.R. 404.1530 provides:

> (a). . . In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work.
>
> (b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled

Courts in this Circuit recognize that mental health conditions may provide good reason to excuse noncompliance with a doctor's recommended treatment. *Burge v. Comm'r of Soc. Sec.*, No. 1:13 CV 87, 2013 WL 6837192, at *3 (N.D. Ohio) (Baughman, M.J.). That recognition, however, "'does not "establish[] a *per se* rule that the existence of any mental impairment(s) constitutes an acceptable reason for failure to follow prescribed treatment . . . .'" *Id.* (quoting *Smith v. Astrue*, 2012 WL 6607007, at *5 (N.D. Ohio) (White, M.J.). Instead,

> . . . to establish a severe mental impairment as an acceptable reason excusing a claimant's adherence to a medical regimen including prescription psychiatric medications, the record must contain evidence expressly linking noncompliance with the severe mental impairment. The justifiability of noncompliance is a step four determination as to which the claimant bears the burden of proof.

*Id.*; *accord Borden v. Comm'r of Soc. Sec.*, No. 5:20-CV-01391, 2021 WL 3492105, at *14 (N.D. Ohio) (Burke, M.J.).

During the relevant period, Lavenia's weight grew to 420 pounds, (Doc. 11, pgID 126), and he reached a BMI over 60. His doctors repeatedly directed him to lose weight, participate in physical therapy, and consult a bariatric surgeon. (*Id.*, pgID 121-25). His weight precluded

2

surgery for his back impairment. (*Id.*, pgID 123-24). They informed him that "his best chance of improvement without surgery [was] his need to lose at least 175 pounds." (*Id.*, pgID 122).

It appears extremely likely that, at the least, a large number of morbidly obese people suffer from eating disorders. Yet, Lavenia is unable to identify any authority for his argument that a person with an eating disorder is excused from following treatment recommended to ameliorate that condition.

Lavenia also suffers from a major depressive disorder. (*Id.*, pgID 117). However, he fails to identify any evidence "expressly linking noncompliance with [his] severe mental impairment," *Burge, supra*, 2013 WL 6837192, at *3. Thus, he has not provided "good reason" to excuse his continued failure to follow the treatment regimen that his doctors prescribed. The burden to establish good reason for noncompliance was on Lavenia, and he failed to carry it.

### 2. Dr. Thompson

Lavenia argues that the ALJ erred in evaluating his primary-care physician, Dr. Charles Thompson's opinion. He asserts that the ALJ failed to properly evaluate Dr. Thompson's opinion's supportability in comparison to the other medical evidence. As Judge Greenberg explained, however, that argument is meritless. (Doc. 19, pgID 1022-23).

"Supportability" means that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to his medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "In other words, the supportability analysis 'focuses on the physicians' explanations of the opinions.'" *Coston v. Comm'r of Soc. Sec.*, No. 20-12060, 2022 WL 989471, at *3 (E.D. Mich.) (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-cv-1119-TMP, 2021 WL 3056108, at *10 (W.D. Tenn.)).

3

As Judge Greenberg explained, "the ALJ detailed Dr. Thompson's records, including Lavenia's normal or mild exam findings, imaging results, his referral to physical therapy (and Lavenia's noncompliance), . . . ." (Doc. 19, pgID 1022-23. Thus, she did consider the supportability factor.

Lavenia also argues that the ALJ failed to provide record citations to support her finding that Dr. Thompson's opinion was inconsistent with his own treatment records. His assessment, however, simply is mistaken.

The ALJ discussed Dr. Thompson's treatment notes extensively both in her recounting of the medical evidence and in the portion of the opinion that directly addressed Dr. Thompson's opinion. *See* (*id.*, pgID 124-26, 126-27). She also set out the other medical evidence that was not consistent with that opinion. (*Id.*, pgID 121-24).

The fact that, in the portion of the opinion discussing Dr. Thompson's opinion directly, she referenced and summarized her prior discussion of the medical records does not undermine her opinion. *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016) ("the ALJ's conclusion was sufficiently supported by factual findings elsewhere in the decision that need not be repeated . . . ."); *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011) ("medical opinions are to be evaluated in the context of the record as a whole") (citing 20 C.F.R. § 404.1527(b)).

Lavenia also challenges the decision by citing to evidence that he asserts support his claim.

The presence of some evidence that supports a claimant's position is not, alone, a sufficient reason for a remand. "If we find the Commissioner's decision supported by substantial evidence, we must defer to that decision 'even if there is substantial evidence in the record that

4

would have supported an opposite conclusion.'" *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 667 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004)). As Judge Greenberg found, substantial evidence in the record supported the ALJ's decision. (Doc. 20, pgID 1023).

Moreover, the ALJ provided an adequate explanation of her reasoning for discounting Dr. Thompson's opinion. Such an explanation is adequate when the ALJ "say[s] enough 'to allow the appellate court to trace the path of his reasoning.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

Here, the ALJ's opinion was more than adequate to allow me to trace the course of her reasoning.

## Conclusion

For the foregoing reasons, I find Judge Greenberg's Report and Recommendation well-taken in all respects. Accordingly, it is hereby ORDERED THAT:

1. Plaintiff's objections, (Doc. 20), be, and the same hereby are, OVERRULED;
2. The Report and Recommendation, (Doc. 19), is APPROVED and ADOPTED as the opinion of this court;
3. Plaintiff's claim is DENIED with prejudice; and
4. The Clerk of Court shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge